**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

Barry Sewall, Shamika Gregory, Jerome Gregory, Frank Richmond, Michael McDermott, Kelley McDermott, Chance Gallo, Sheila Nasilasila, Erin Wise, Michael Curran, Christa Curran, Latrice Jones-Byrd, LaQuita Dasher, Ayoka Durham, Marcus Durham, Donna Sheard, Richard Allen, Gabrielle Todd, Gina Johnson, and Lionel Johnson each individually and on behalf of all others similarly situated,

Plaintiffs,

v.

Home Partners Holdings LLC, and OPVHHJV LLC, d/b/a Pathlight Property Management,

Defendants.

Court File No.: 1:25-cv-07849

Honorable Sunil R. Harjani
Magistrate Judge Maria Valdez

**FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

This Court held a hearing on Plaintiffs' Motion for Final Approval of the Settlement with Home Partners Holdings LLC, and OPVHHJV LLC, d/b/a Pathlight Property Management ("Defendants"), on December 1, 2025. The Court, having reviewed the Motion, the declarations in support, the exhibits thereto, the Settlement Agreement, and all papers filed, hereby **ORDERS AND ADJUDGES:**

1. The Court has jurisdiction over the subject matter of this litigation and over the Parties to the Settlement Agreement, including all members of the Settlement Class and the Defendants.

2. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlement Agreement.

3. The Court previously appointed Anne T. Regan of Hellmuth & Johnson, PLLC, Joseph C. Bourne of Lockridge Grindal Nauen PLLP, and Scott C. Harris of Bryson Harris Suciu DeMay PLLC (formerly of Milberg Coleman Bryson Phillps Grossman PLLC) as Class Counsel for the Settlement Class certified in the Court's order dated July 31, 2025 (Doc. 24).

4. The Multistate Class, as defined in the Court's Preliminary Approval Order, Doc. 24, and this Order, is certified for settlement purposes only under Federal Rule of Civil Procedure 23, and is defined as follows: All persons in every state and the District of Columbia in which Home Partners has leased homes during the applicable Settlement Class Period, who are or were parties to leases with Home Partners, or who are or were household members or occupants listed in such leases, and who occupied the home at any time during the applicable Settlement Class Period. The Settlement Class Periods are:

- For Settlement Class Members in Minnesota homes: March 1, 2016 through the date of Preliminary Approval;
- For Settlement Class Members in Washington homes: September 21, 2016 through the date of Preliminary Approval;
- For Settlement Class Members in Colorado homes: May 1, 2017 through the date of Preliminary Approval; and

- For all other Settlement Class Members: December 22, 2019 through the date of Preliminary Approval.

5. Certification of the Settlement Class is appropriate for the reasons set forth in the Preliminary Approval Order. Specifically, as to the requirements of Rule 23(a) for settlement purposes only, (i) the Settlement Class exceeds tens of thousands of individuals, and joinder of all such individuals would be impracticable; (ii) there are common questions of law and fact; (iii) the Class Representatives' claims are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; (iv) the Class Representatives are adequate representatives of the Settlement Class; and (v) Class Counsel are adequate. As to the requirements of Rule 23(b)(2), for settlement purposes only, the claims for non-monetary injunctive relief may be certified under Rule 23(b)(2), which permits certification in cases where "final injunctive relief … is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). As to the requirements of Rule 23(b)(3) for settlement purposes only, questions of law and fact common to the Settlement Class predominate over any questions affecting any individual Settlement Class Member, and a class action on behalf of the Settlement Class is superior to other available means of settling and disposing of this dispute.

6. The Court excludes from the Settlement Class all persons who submit a timely and valid request to opt out of the Settlement; all persons who entered into a new lease (as opposed to a renewal) with Home Partners on or after January 10, 2025; all persons who were not of the age of majority at the time of Preliminary Approval;

governmental entities; Defendants and any of their parents, affiliates, or subsidiaries; and the presiding judge in the Settlement Court or any of the Class Action Matters, and all of their immediate families and judicial staff.

7. The Court previously appointed Barry Sewall, Shamika Gregory, Jerome Gregory, Michael Curran, Christa Curran, Frank Richmond, Michael McDermott, Kelley McDermott, Chance Gallo, Sheila Nasilasila, Erin Wise, Latrice Jones-Byrd, LaQuita Dasher, Donna Sheard, Richard Allen, Gabrielle Todd, Gina Johnson, Lionel Johnson, Ayoka Durham, and Marcus Durham as Class Representatives for the Settlement Class.

8. In its Preliminary Approval Order, the Court preliminarily determined the Settlement to be fair, reasonable, adequate, and in the best interests of the Settlement Class. The Court further held that the proposed Settlement, which was arrived at by arm's length negotiation conducted by highly experienced counsel, and with the assistance of former Chief Magistrate Judge Hon. Sidney Schenkier (ret.) of the Northern District of Illinois, was within the range of possible approval and raised a reasonable basis for presuming that the Settlement and its terms satisfied the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e), and thus the Court directed that notice of the Settlement be given to the certified Settlement Class. Doc. 24.

9. Neither this Order nor the Settlement Agreement shall be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, or regulation, or of any liability of, or wrongdoing by, the Defendants, Counterclaim

Defendant, or Released Parties, or the truth of any of Plaintiffs' claims or allegations in this matter, any of the Class Action Matters, or any future matter or proceeding. Neither this Order nor the Settlement Agreement shall be deemed or construed to be an admission or evidence of the Released Parties' defenses.

10. The Court hereby finally approves the Settlement Agreement and its terms and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure and directs consummation of the Settlement Agreement according to its terms and conditions.

11. The Court finds that the Settlement distribution plan is fair, reasonable, and adequate. The Settlement distribution plan does not unfairly favor any Class Member, or group of Class Members, to the detriment of others.

12. This Court hereby dismisses on the merits and with prejudice all claims in the Consolidated Complaint, with each Party to bear its own costs and fees, including attorneys' fees, except as provided in the Settlement Agreement or this Court's further orders.

13. The Release in the Settlement Agreement, paragraphs III.C.1-5, is incorporated by herein and the Releasors shall, by operation of law, be deemed to have released all Released Parties from the claims set forth herein:

> Settlement Class Members, on behalf of themselves and all present, future, and former agents, attorneys, trustees, heirs, family members, spouses, insurers, successors and assigns, and any other person or entity who could now or hereafter assert a claim in any or all of their names (collectively, "**Releasors**"), fully and forever release and discharge the Released Parties from all claims, rights, causes of action,

damages, and liabilities that were or could have been asserted in the Class Action Matters or that are based on the same factual predicate of the Class Action Matters. This includes claims that in any way relate to the Settlement Class Members' leases, tenancies, occupancies, rent, fees, or other charges assessed by Home Partners or paid by the Settlement Class Members pursuant to the leases, and any claims related to the repair and maintenance of the leased properties.

Defendants and Released Parties release any counterclaims they asserted or could have asserted against Plaintiff Sewall in the *Sewall* Matter.

Any amount owed pursuant to a claim or defense that Defendants may claim or have claimed against Settlement Class Members related to the payment of rent, fees, or other charges will be reduced by the offsets as addressed below in section V.E.

14. The following claims are excluded from the Release: personal injury claims; claims against debt collectors for violations of the Fair Debt Collection Practices Act, Fair Credit Reporting Act, and similar state laws; claims related to alleged habitability issues that occur after the Settlement Class Period; and claims related to alleged habitability issues that occur during the Settlement Class Period and which have been asserted or are being litigated by Settlement Class Members in the context of pending formal Tenant Remedies actions, Rent Escrow actions or Eviction actions, through the Effective Date.

15. Released Parties include: The Named Defendants, and all of their direct and indirect (including through one or more intermediaries) former, present, and future affiliates, parents, subsidiaries, predecessors, successors, and assignees, as well as any direct or indirect (including through one or more intermediaries) investors or investment funds with any owned interest, shareholders, members, debt or equity holders, owners, sponsors, lenders, officers, employees, directors, trustees, vendors,

subcontractors, joint ventures, general and limited partners, principals, insurers, administrators, agents, attorneys, advisors, representatives, or heirs of such entities (collectively, the "**Released Parties**").

16. The Released Parties are hereby and forever released and discharged with respect to any and all claims covered by the Release which the Releasors had, have, or in the future may have, on behalf of themselves or other residents, occupants or guests at the leased properties.

17. The notice given to the Settlement Class, including individual notice to all members of the Settlement Class who could be identified through reasonable efforts, was the most effective and practicable under the circumstances. This notice provided due and sufficient notice of the proceedings and of the matters set forth therein, including the proposed Settlement, to all persons entitled to such notice, and this notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.

18. No objections were received.

19. Any member of the Settlement Class who failed to timely and validly request to be excluded from the Settlement Class shall be subject to and bound by all provisions of the Settlement Agreement, including but not limited to the Release and this Order, regardless of whether such members of the Class seek or obtain any distribution from the Settlement Fund. Persons who validly requested to be excluded from the Settlement Class are listed in **Exhibit A** attached hereto.

20. Without affecting the finality of this Final Judgment in any way, this

Court hereby retains continuing exclusive jurisdiction over: (a) consummation, administration and implementation of the Settlement Agreement and distribution to Settlement Class members pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c) hearing and determining the application by Plaintiffs for a Fees, Costs, and Expenses Award; (d) this litigation until the Final Judgment has become effective and each and every act agreed to be performed by the Parties all have been performed pursuant to the Settlement Agreement; (e) the Parties to the Settlement Agreement and all Settlement Class Members for the purpose of enforcing and administering the Settlement Agreement; (g) the enforcement of this Final Judgment; and (h) any suit, action, proceeding, or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement.

21. The appropriate state officials and the appropriate federal officials have been served notice under the Class Action Fairness Act, 28 U.S.C. § 1715.

22. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that final judgment should be entered and further finds that there is no just reason for delay in the entry of final judgment. Accordingly, the Clerk is hereby directed to enter this Final Judgment forthwith.

IT IS SO ORDERED.

DATED: 12/1/2025

Honorable Sunil R. Harjani
United States District Judge

# EXHIBIT A

| **Exclusion Requests**<br><br>***Sewall, et al., v. Home Partners, LLC,* Case NO. 1:25-CV-07849** | | | |
|---|---|---|---|
| **Count** | **First Name** | **Last Name** | **State** |
| 1 | Mark | York | IN |
| 2 | Mark | Linger | FL |
| 3 | Ryan | Pomeroy | GA |
| 4 | Tracey | Worden | CO |
| 5 | Lisa | Cowan Reynolds | GA |
| 6 | Mary | Joyce | NE |
| 7 | Carol | Teeters (deceased) | NE |
| 8 | Marie | Viassy | OH |
| 9 | Ron | King | OH |
| 10 | Connor | Gannon | IL |
| 11 | Jalen | Freeman | SC |
| 12 | Jaseona | Freeman | SC |
| 13 | Jason | Freeman Jr | SC |
| 14 | Jason | Freeman Sr | SC |
| 15 | Kyle | Barber | MO |
| 16 | Tammie | Puckett | NE |
| 17 | Tangela | Freeman | SC |
| 18 | Gary | Abraham | KS |
| 19 | Joy | Blincoe | KS |
| 20 | Audra | Thomas | MO |